**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4265**

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

JESSE FRANKLIN GOODWIN,

　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Margaret B. Seymour, Senior District Judge. (0:94-cr-00605-MBS-2)

Submitted: July 17, 2014　　　　　Decided: July 24, 2014

Before WILKINSON and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Allen B. Burnside, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Winston David Holliday, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesse Franklin Goodwin appeals the district court's judgment revoking his supervised release and imposing a sentence of eight months imprisonment with no further supervised release. Goodwin's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising the issue of whether the sentence was imposed in violation of the law or is plainly unreasonable, but concluding that there are no meritorious grounds for appeal. Goodwin was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

We review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). Challenges to a district court's jurisdiction or authority are issues of law that we review de novo. United States v. Winfield, 665 F.3d 107, 109 (4th Cir. 2012); United States v. Buchanan, 638 F.3d 448, 451 (4th Cir. 2011).

To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012). "A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). In exercising such discretion, the court "is guided by the Chapter Seven policy

2

statements in the federal Guidelines manual, as well as the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e)." Id. at 641. While a district court must explain its sentence, the court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable. Id. at 438. In this initial inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review for Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence procedurally or substantively unreasonable must we decide whether it is "plainly" so. Id. at 657. We presume that a sentence within the Chapter Seven policy statement range is reasonable. Webb, 738 F.3d at 642.

We have reviewed the record and conclude that Goodwin's sentence is reasonable, and the district court did not err or abuse its discretion. The sentence is within both the prescribed statutory range and the policy statement range, and

the district court reasonably determined that a sentence at the low end of the policy statement range was appropriate in this case. Moreover, in accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal.

Accordingly, we affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED