PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

v.

CHRISTOPHER WINFIELD, a/k/a
Kristopher Orlando Winfield,

        *Defendant-Appellant.*

No. 10-5032

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Henry E. Hudson, District Judge.
(3:04-cr-00167-HEH-3)

Argued: October 28, 2011

Decided: January 17, 2012

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

Affirmed by published opinion. Judge Gregory wrote the opinion, in which Judge Shedd and Judge Davis joined.

## COUNSEL

**ARGUED:** Elizabeth W. Hanes, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Richard Daniel Cooke, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for

Appellee. **ON BRIEF:** Michael S. Nachmanoff, Federal Public Defender, Alexandria, Virginia, Elizabeth S. Wilson, Assistant Federal Public Defender, Patrick L. Bryant, Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Alexandria, Virginia, for Appellee.

## OPINION

GREGORY, Circuit Judge:

### I.

Appellant-Defendant Christopher Winfield challenges the district court's jurisdiction under 18 U.S.C. § 3583(e) to impose a second prison sentence for violations of his supervised release after the district court effectively revoked his supervised release and imposed a prison sentence in a prior hearing. For the following reasons, we affirm.

### II.

On November 8, 2004, Winfield pled guilty to one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(b)(1)(A)(iii). He was sentenced to fifty-one months' imprisonment to be followed by three years of supervised release. Winfield's term of supervised release began on August 31, 2007.

On October 2, 2009, Winfield's probation officer filed a petition for violations of his supervised release. The petition alleged three violations: failing to follow the instructions of his probation officer, failing to work regularly, and twice testing positive for cocaine. The petition was amended two times to reflect further violations Winfield committed after the fil-

ing of the first petition. The first amendment alleged that Winfield was charged in state court with identity theft and forgery under Virginia law. The amendment also alleged that Winfield failed to notify the probation officer of his arrest for the state charges within seventy-two hours of being arrested. The second amendment alleged that Winfield had been charged with distribution of cocaine and conspiracy to distribute cocaine under Virginia law.

On May 18, 2010, the district court held a hearing regarding the alleged violations. At the hearing, the parties agreed that the court should only proceed on the "technical" violations—charges not related to the commission of state offenses—and wait to hear the remaining "substantive" violations after their resolution in state court. After hearing the evidence, the district court found Winfield guilty of all technical violations. For these violations, the court sentenced Winfield to twelve months' imprisonment. Notably, the district court's order imposing the sentence did not explicitly revoke Winfield's supervised release.

On September 17, 2010, the district court held the second hearing on the remaining violations. Winfield admitted that he had been convicted in state court of distribution of cocaine on July 1, 2010, and of forgery and identity fraud on July 12, 2010. For these violations, he requested that he receive no additional term of imprisonment. The district court found him guilty of these violations and imposed a twelve-month sentence.[1] At this time, the court explicitly revoked Winfield's

---

[1] It is unclear from the record whether the district court intended the September 17 sentence to be a second twelve-month sentence that runs concurrent with or consecutive to the May 18 sentence. It is further unclear from the record whether the twelve-month sentences were to run concurrent with or consecutive to his state sentences. At the second hearing, the government did not clearly request that Winfield receive an additional twelve months' imprisonment for the substantive violations. In the district court's order following the September 17 hearing, the court

supervised release. The district court did not impose an additional term of supervised release to begin upon completion of Winfield's imprisonment. Winfield timely appealed.

## III.

We review de novo a challenge of a district court's jurisdiction to rule upon alleged violations of supervised release. *United States v. Barton*, 26 F.3d 490, 491 (4th Cir. 1994).

## A.

18 U.S.C. § 3583(e) governs a district court's authority to revoke, extend, modify, or terminate a defendant's term of supervised release. Under subsection (e), a district court may

(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . .

(2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release . . .

(3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for

addresses only the state-crime violations, and not the technical violations, in ordering Winfield to serve twelve months' imprisonment. In his notice of appeal, Winfield interpreted the sentences set forth in the May and September orders as a "sentence of twenty-four months." Winfield has not requested that we remand this case to the district court to determine whether the twelve-month sentences run concurrent with or consecutive to each other or the state sentences.

the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . or

(4) order the defendant to remain at his place of residence during nonworking hours and, if the court so directs, to have compliance monitored by telephone or electronic signaling devices . . . .

Further, under § 3583(h), a district court may require the defendant to serve an additional term of supervised release following re-incarceration.

Winfield contends that the district court lacked jurisdiction under § 3583(e)(3) to conduct the second violation hearing and impose the additional twelve-month sentence. He reasons that when the district court imposed the twelve-month sentence at the May 18 hearing, it effectively revoked his term of supervised release. He argues that the act of revocation has the following legal significance: "it ends the period of supervision, and with it, the district court's power to further adjudicate violations or impose additional prison time."

We first address the meaning of the term "revoke" under § 3583(e)(3) and whether a district court's effective revocation of a defendant's term of supervised release also ends the court's supervision over the release when the term has not expired.

In *Johnson v. United States*, 529 U.S. 694, 706-07 (2000), the Supreme Court addressed whether, under § 3583(e)(3), a district court has the authority to impose a new term of supervised release following re-incarceration for violations of the original supervised-release term. The defendant argued that

the district court lacked such authority because the revocation terminated the court's jurisdiction over his supervised release.[2] *Id.* at 698. The Supreme Court determined that a revoked term of supervised release does not terminate the release, but instead "recall[s]," "call[s] or summon[s] back" the release during the defendant's imprisonment for violations of the release. *Id.* at 706. The Supreme Court examined the language of § 3583(e)(3), which at that time provided that a court could "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release . . . ."[3] *Id.* at 704. The Supreme Court reasoned that the re-incarceration "is not a 'term of imprisonment' that is [ ] be[ing] served, but all or part of 'the term of supervised release.'" *Id.* at 705. The Court continued, "If 'the term of supervised release' is being served, in whole or part, in prison, then something about the term of supervised release survives the preceding order of revocation." *Id.* Thus, "unlike a 'terminated' order of supervised release, one that is 'revoked' continues to have *some effect*." *Id.* at 705-06 (emphasis added). The Court held that because the revocation

---

[2]Under the current version of § 3583, a district court can impose an additional term of supervised release after re-incarceration for violations of the defendant's release conditions pursuant to § 3583(h). Section 3583(h) was added to the statute in 1994 as part of the Violent Crime and Law Enforcement Act of 1996, § 110505(2)(B), 108 Stat. 2017. Because the defendant was sentenced before the 1994 amendments, the Supreme Court held that the Ex Post Facto Clause of the Constitution barred the retroactive application of § 3583(h) to the defendant's punishment. *Johnson*, 529 U.S. at 702-03. Thus, the Supreme Court analyzed the pre-1994 statutory language that, on its face, did not authorize the imposition of a new term of supervised release after re-incarceration. *Id.* at 703-04.

[3]The current version of subsection (e)(3) reads, "The court may, . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release *authorized by statute* for the offense . . . ." As noted by the *Johnson* court, the 1994 amendment altered subsection (3) to provide that the district court could revoke the supervised-release term and require service of a prison term equal to the maximum authorized length of the term of supervised release. 529 U.S. at 705.

of a term of supervised release under § 3583(e)(3) does not "terminate" the release—or the district court's jurisdiction to oversee the supervised release past the re-incarceration—a district court had the authority to impose an additional term of supervised release after the completion of the prison sentence. *Id.* at 712-13.

In an unpublished case nearly identical to the one before us, the Third Circuit applied the reasoning in *Johnson* and held that a district court's revocation of a term of supervised release and imposition of a prison sentence did not deprive the court of its jurisdiction to hold a second violation hearing and impose additional prison time for violations committed prior to the revocation of the release. *United States v. Johnson*, 243 F. App'x 666, 668 (3d Cir. 2007). As here, the parties agreed to hold bifurcated hearings, the second of which would be held in abeyance pending the resolution of the defendant's state criminal charges of burglary, cocaine possession, resisting arrest, and assault on a police officer. *Id.* at 667. At the second hearing, however, the defendant argued that the district court lacked jurisdiction to further revoke, modify, or extend that same period of release because it had previously revoked and sentenced him in the first hearing. *Id.* The Third Circuit determined that because a revoked term of supervised release continues to have some effect post-revocation, the district court retained its authority to alter and extend the defendant's punishment during his re-incarceration for supervised-release violations. *Id.* at 668 (citing *Johnson*, 529 U.S. at 712).[4]

## B.

Applying the foregoing logic to Winfield's appeal, we find

---

[4]The Third Circuit further addressed whether the district court had authority to impose two concurrent terms of imprisonment instead of one term of imprisonment for the violations of the supervised release. *Johnson*, 243 F. App'x at 669. Winfield does not raise this issue in his opening brief and thus we consider it waived.

that the district court had jurisdiction to hold the second viola-
tion hearing on September 17, 2010, and to impose the
twelve-month sentence for supervised-release violations aris-
ing from Winfield's state convictions.

First, we assume, without deciding, that the district court
effectively revoked Winfield's supervised release when it
imposed the twelve-month sentence at the May 18 hearing.[5]

Next, we hold that the district court's revocation of the
term of supervised release at the May 18 hearing did not end
the court's jurisdiction over Winfield's release. As defined by
the Supreme Court in *Johnson*, 529 U.S. at 706, a revocation
of a term of supervised release is not equivalent to a termina-
tion of the release, and thus the revoked term remains in
effect. In Winfield's case, his term of supervised release had
not expired by the May 18 hearing and remained in effect
upon the district court's effective revocation of the term in
that proceeding. As a result, the district court retained juris-
diction over Winfield's release. *See also United States v. Var-*
*gas*, 564 F.3d 618 (2d Cir. 2009) (finding that a district court
had the authority to correct an omission from a revocation
order imposing a sentence because the term of supervised
release continued to have some effect after the term's revoca-
tion); *United States v. Johnson*, 243 F. App'x at 668-69.

Winfield argues unpersuasively that the Supreme Court and
the Third Circuit cases are distinguishable from his case.
Unlike here, in those cases the district courts imposed addi-
tional terms of supervised release to commence after the end
of the defendants' re-incarceration. Winfield does not give a
reason why this factual difference matters with respect to the
district court's jurisdiction. Indeed, the Supreme Court in
*Johnson v. United States* did not base its interpretation of
§ 3583(e)(3) on this fact. The Supreme Court determined
instead that a revoked term of supervised release survives the

---

[5]Both Winfield and the Government adopt this position in their briefs.

revocation because the act of revocation does not terminate the release but allows the release to continue to have some effect. 529 U.S. at 706. Contrary to Winfield's contention, the district court was not required to impose a second term of supervised release after his re-incarceration to retain its jurisdiction over Winfield's revoked term.

Furthermore, we hold that the district court's jurisdiction over Winfield's release included the power to hold a second violation hearing and impose a twelve-month sentence in light of several considerations. Foremost, the language of § 3583(e)(3) does not limit the district court's jurisdiction. *See United States v. Ide*, 624 F.3d 666, 668 (4th Cir. 2010) ("When interpreting a statute, an appellate court first considers the plain meaning of the statutory language."); *Barton*, 26 F.3d at 491 (interpreting the plain meaning of § 3583(e)(3) to hold that "courts retain jurisdiction to hold hearings related to revocation of supervised release for a reasonable period after the term of release expires when a [violation] petition . . . is filed during the period of supervised release."). Thus, a district court is within its authority to hold bifurcated violation hearings based on a petition filed before the supervised release's expiration so long as it sentences the violator pursuant to the Federal Rules of Criminal Procedure, makes a finding of guilt by a preponderance of the evidence, and does not exceed the statutory maximum for re-incarceration.

Here, the district court followed § 3583(e)(3) revocation procedures in both the May 18 and September 17 hearings. After reviewing the advisory Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), it found Winfield guilty of violating his conditions by a preponderance of the evidence. Additionally, the district court imposed twelve-month sentences that did not exceed the statutory maximum for Winfield's violations.[6]

---

[6]The Government asserts that the probation officer erroneously concluded that the statutory maximum for Winfield's violations was twenty-

Further, we find persuasive the Third Circuit's sound analysis that concludes that a district court retains its § 3583(e)(3) power to impose additional prison time post-revocation. *See Johnson*, 243 F. App'x at 668-69. To counter the Third Circuit's reasoning, Winfield cites *United States v. Brooks*, No. 1:06-CR-476, slip op. at 2 (E.D. Va. Feb. 9, 2011), a case that is distinguishable from Winfield's.

In *Brooks*, the district court revoked the defendant's supervised release and sentenced him to three months' imprisonment to be followed by two years of supervised release based on the defendant's admitted marijuana and cocaine use. *Id.* at 1. The district court afforded the defendant three days to settle his affairs before he voluntarily surrendered himself to the U.S. Marshals Service. *Id.* During those three days, the defendant again used marijuana. *Id.* In response, the government filed a new supervised-release violation petition and the district court held a second hearing for the new violation. At the hearing, the defendant admitted that he had used marijuana during the three-day period before his voluntary surrender. *Id.* The district court sentenced the defendant to an additional twenty days in prison for the new violation, to run consecutively with the three-month prison sentence originally imposed. *Id.*

After the sentence, the defendant's counsel moved to vacate the twenty-day sentence, arguing that the district court

---

four months pursuant to § 3583(e)(3). Section 3583(e)(3) states, in pertinent part: "A defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case." Winfield's original offense was possession with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), a Class B felony. Thus, Winfield could have received a prison sentence of no more than three years. The district court's sentence of two twelve-month sentences was well under the statutory maximum for years of imprisonment pursuant to § 3583(e)(3).

had lacked jurisdiction. *Id.* at 2. The district court agreed that it lacked jurisdiction and reasoned that the three-day period in which the defendant committed a new violation was not considered part of the defendant's term of supervised release. Consequently, the defendant was not subject to any terms or conditions of the supervision during that time. *Id.*

Winfield's case is decisively different from *Brooks*. Winfield committed all of his violations, both technical and substantive, before the court effectively revoked his term of supervised release. As opposed to the defendant in *Brooks*, Winfield was subject to the conditions of his supervised release when he committed the violations. Thus, *Brooks* is not applicable to Winfield's case.

Winfield raises two additional arguments; neither is directly at issue in this case. First, he maintains that allowing a district court to impose multiple prison sentences for violations of supervised-release conditions would lead to multiple appeals in the same case, "run afoul" of the general policy against piecemeal appeals, and create "logistical problems" for the defendant. We note that such circumstances may create burdens for a defendant who must decide whether to wait to appeal his first and second revocation sentences together and thus risk his first sentence becoming moot. *See United States v. Hardy*, 545 F.3d 280, 285 (4th Cir. 2008) (defendant's release from prison mooted appeal of revocation sentence). We recognize that these concerns are avoided if, for instance, a district court held bifurcated violation hearings and waited to pronounce the prison sentence for all the violations at the second hearing. However, in Winfield's case, these "logistical problems" do not divest the district court's jurisdiction pursuant to § 3583(e) because Winfield does not challenge his May 18 sentence but only appeals his September 17 sentence.

Second, Winfield argues that while the district court may have been able to amend his first revocation and prison sen-

tence within fourteen days under Federal Rule of Criminal Procedure 35(a), which authorizes a court to correct a sentence for technical or clear error, the district court had no authority to announce an additional sentence four months later. Case law varies on whether Rule 35(a) applies in the context of correcting an error as it pertains to a term of supervised release or whether § 3583(e) independently governs. *See Vargas*, 564 F.3d at 623 (declining to decide whether Rules 35(a) and 36 govern supervised release because § 3583 addresses corrections and extensions of the release); *United States v. Navarro-Espinosa*, 30 F.3d 1169, 1171 (9th Cir. 1994) ("We need not resolve the Rule 35 issue in this case, however, for the correction before us relates to supervised release; there is an independent rule [: § 3583(e)(2)] governing corrections of that nature."). *But see United States v. Donoso*, 521 F.3d 144, 146-47 (2d Cir. 2008) (affirming district court's correction of a prison sentence for supervised-release violations pursuant to Rule 35(a) because the district court erred by imposing the prison term to run consecutive with the defendant's state prison sentence); *United States v. Perez*, 565 F.3d 344, 346 (7th Cir. 2009) (district court lacked jurisdiction to reopen revocation proceedings and increase the prison sentence for supervised-release violations because the increase was a substantive modification made well after the time period specified under Rule 35(a)); *United States v. Johnson*, 245 F. App'x at 670-71 (Aldisert, J., concurring) (raising sua sponte the issue of whether Rule 35(a) limits a court's jurisdiction to alter a revocation sentence).

Here, however, the district court's September 17 sentence did not aim to correct an error made within the May 18 sentence, but imposed prison time for violations of Winfield's supervised release not adjudicated in the first hearing. Winfield's reliance on Rule 35 in this context is misplaced.

## IV.

For these reasons, we affirm the district court's judgment. The district court had jurisdiction to hold the September 17

violation hearing and impose the twelve-month sentence for supervised-release violations arising from Winfield's state convictions.

*AFFIRMED*