**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1528**

VENITA Y. BILLINGSLEA,

                Plaintiff – Appellant,

        v.

MICHAEL   J.   ASTRUE,   Commissioner,   Social   Security
Administration,

                Defendant – Appellee,

        and

SOCIAL SECURITY ADMINISTRATION,

                Defendant.


Appeal from the United States District Court for the District of
South Carolina, at Greenville.   J. Michelle Childs, District
Judge.  (6:10-cv-01467-JMC)


Submitted:  December 18, 2012      Decided:  December 28, 2012


Before MOTZ, KING, and SHEDD, Circuit Judges.


Affirmed by unpublished per curiam opinion.


Vernon F. Dunbar, TURNER PADGET GRAHAM & LANEY P.A., Greenville,
South Carolina, for Appellant.   William N. Nettles, United
States Attorney, Terri Hearn Bailey, Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Venita Y. Billingslea appeals the district court order adopting the magistrate judge's recommendation to grant summary judgment in favor of Defendant Michael J. Astrue, Commissioner of the Social Security Administration ("SSA"), on Billingslea's employment discrimination claims. On appeal, Billingslea argues that the district court erred in granting summary judgment as to Billingslea's claim under the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C.A. §§ 621-634 (West 2008 & Supp. 2012), based on its conclusion that Billingslea failed to provide evidence from which a reasonable jury could conclude that the SSA's stated reasons for not selecting her for a promotion were a pretext for age discrimination.[*] We affirm.

We review a district court's grant of summary judgment de novo. PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 119 (4th Cir. 2011). We will not weigh evidence or make credibility determinations, but view the evidence and all

---

[*] Because Billingslea's response to the magistrate judge's report and recommendation and her opening brief address only her ADEA claim, she has forfeited appellate review of her gender and marital status discrimination claims. See United States v. Winfield, 665 F.3d 107, 111 n.4 (4th Cir. 2012) (stating that arguments not raised in the opening brief are considered waived); United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (concluding that a party waives appellate review of an issue by failing to file a timely objection to the magistrate judge's report and recommendation addressing the issue).

3

reasonable inferences drawn from it in the light most favorable to the nonmoving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151 (2000). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted). Summary judgment will be granted unless "a fair-minded jury could return a verdict in favor of the [nonmoving party] on the evidence presented." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248.

The ADEA makes it "unlawful for an employer . . . to fail or refuse to hire or . . . otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). Billingslea provided no direct evidence of intentional discrimination, but pursued her ADEA claim under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See

4

<u>Warch v. Ohio Cas. Ins. Co.</u>, 435 F.3d 510, 513-14 (4th Cir. 2006); <u>Mereish v. Walker</u>, 359 F.3d 330, 334-37 (4th Cir. 2004). Under this framework, Billingslea must first establish a prima facie case of age discrimination by a preponderance of the evidence. <u>Warch</u>, 435 F.3d at 513. If this burden is met, the burden shifts to Astrue to demonstrate "a legitimate, non-discriminatory reason" for the selectee's promotion over Billingslea. <u>See</u> <u>id.</u> at 513-14. If Astrue meets this burden, "the presumption of discrimination created by the prima facie case disappears from the case and the plaintiff must prove that the proffered justification is pretextual." <u>Id.</u> at 514 (internal quotation marks omitted).

"The ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination." <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 153 (2000). Thus, Billingslea ultimately "retains the burden of persuasion to establish that age was the 'but-for' cause of the employer's adverse action." <u>Gross v. FBL Fin. Servs., Inc.</u>, 557 U.S. 167, 177 (2009).

Billingslea is correct in noting that an employer's shifting and inconsistent justifications for its adverse employment discrimination decision may give rise to an inference of discrimination and provide evidence of pretext. <u>EEOC v.</u>

5

Sears Roebuck & Co., 243 F.3d 846, 852-54 (4th Cir. 2001); see Reeves, 530 U.S. at 147 (stating that when "the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision"). However, our review of the record indicates no such shifting justifications, notwithstanding discrepancies between details provided in the parties' discovery plan and the sworn testimony obtained during discovery.

Billingslea also attempts to challenge the accuracy of the SSA's stated justifications for selecting a younger employee over Billingslea. Under appropriate circumstances, "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." Reeves, 530 U.S. at 148. However, this is not always the case, depending upon "the probative value of the proof that the employer's explanation is false." See Holland v. Wash. Homes, Inc., 487 F.3d 208, 215 (4th Cir. 2007) (internal quotation marks omitted). Importantly, when the employer articulates a legitimate, non-discriminatory basis for its action, this court does not "decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the [adverse employment action]." Hawkins v.

6

PepsiCo, Inc., 203 F.3d 274, 279 (4th Cir. 2000). In assessing whether an employer's proffered reasons are pretextual, "it is the perception of the decisionmaker which is relevant." Holland, 487 F.3d at 217 (internal quotation marks and alteration omitted); see Hawkins, 203 F.3d at 280.

Here, the selecting official testified as to his reasons for choosing the selectee instead of Billingslea. Having thoroughly reviewed the record, we conclude that Billingslea failed to provide evidence adequate for a reasonable jury to conclude that the selecting official did not, in fact, rely on his stated justifications in choosing the selectee. Additionally, the record contains no evidence to suggest that Billingslea, rather than the selectee, would have been chosen but for Billingslea's age. While Billingslea also adduced testimony from two SSA employees indicating their opinions regarding the SSA's discriminatory hiring practices, we conclude that this testimony was "so tenuous as to amount to speculation or conjecture," and thus not useful in opposing a motion for summary judgment. See JKC Holding Co. LLC v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED