**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 15-4256**

───────────

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

DAVID LLOYD BROWN,

                    Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.   Norman K. Moon, Senior District Judge.  (3:02-cr-00036-NKM-1)

───────────

Submitted:  February 17, 2016          Decided:  June 8, 2016

───────────

Before WYNN, DIAZ, and HARRIS, Circuit Judges.

───────────

Vacated by unpublished per curiam opinion.

───────────

Larry W. Shelton, Federal Public Defender, Christine Madeleine Lee, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. Anthony P. Giorno, United States Attorney, Heather Lynn Carlton, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal stems from the district court's second revocation of David Lloyd Brown's original term of supervised release. The district court found that it had jurisdiction in April 2015 over Brown's already once-revoked supervised-release term, even though Brown had completed his revocation sentence approximately ten months earlier in June 2014. Brown argues that his release term expired upon completion of his revocation sentence and that because his probation officer petitioned for revocation in November 2014, the post-expiration petition did not save the court's jurisdiction under 18 U.S.C. § 3583(i), which provides that the court's revocation power "extends beyond the expiration of the term of supervised release . . . if, before [the term's] expiration, a warrant or summons has been issued." For the reasons that follow, we agree. Accordingly, we vacate the district court's judgment.

I.

In 2003, Brown pleaded guilty to various federal fraud-related charges, and was sentenced to 100 months of imprisonment, followed by five years of supervised release. On October 7, 2009, Brown's supervised release began.

In November 2013, the court revoked Brown's supervised release for technical release violations and imposed a sentence of seven months' imprisonment, to be followed by a new twelve-

2

month term of supervised release. While serving his revocation sentence, Brown was indicted in Charlottesville, Virginia, on state drug charges in connection with offenses committed in September and October 2013, during his original supervised-release term. Brown completed his revocation sentence in June 2014, but he was held on a state detainer pending resolution of the Commonwealth's case.

In November 2014, after Brown pleaded guilty to and was sentenced on the state drug charges, his probation officer petitioned the district court to revoke the original supervised-release term for a second time—this time on the basis of the conduct underlying the state charges.

Brown moved to dismiss the petition for lack of jurisdiction, claiming that his original supervised release had expired, and that the sentencing court did not have revocation power under § 3583(i) because the probation officer failed to petition for revocation before the release term's expiration. Brown also argued that the court did not have jurisdiction to revoke the second supervised-release term (i.e., the twelve-month term imposed in November 2013) on the basis of conduct occurring during the original release term.

The district court held a revocation hearing, in which the government clarified that it did not seek revocation of the second supervised-release term, but rather wanted the court to

3

impose additional prison time for the more serious violations committed during the original release term. The district court agreed and concluded that it had jurisdiction under United States v. Winfield, 665 F.3d 107 (4th Cir. 2012), to again revoke Brown's original supervised release. After crediting Brown with seven months already served, the court imposed four concurrent fifteen-month revocation prison sentences, to be served consecutively to the state sentence for the drug-related conduct. The district court did not impose a new term of supervised release because the state sentence included a five-year term of supervised release.

Brown filed a timely notice of appeal.

II.

On appeal, Brown challenges the district court's conclusion that it had jurisdiction in April 2015 to revoke Brown's supervised release for a second time. "We review de novo a challenge of a district court's jurisdiction to rule upon alleged violations of supervised release." Winfield, 665 F.3d at 109. Brown contends that his original term of supervised release expired in June 2014, upon the completion of his first revocation sentence.[1] We agree.[2]

_____

[1] Before the district court, Brown argued that his first revocation sentence ended in November 2013 when the court first revoked the original release term, see J.A. 83, but the

4

In Winfield, we held that a district court's revocation of a supervised-release term did not conclude the court's jurisdiction over that release term. Id. at 112. We explained that the court retained jurisdiction "to hold a second violation hearing and impose a [new revocation] sentence." Id. In crafting these holdings, we implied that a revoked release term expires at or around the time that the originally imposed term would have ended had there not been a revocation. Id.; cf. United States v. Buchanan, 638 F.3d 448, 449, 458 (4th Cir. 2011) (providing that a five-year supervised-release term began in 1993 and that the defendant, who absconded supervision in 1995, had three years of supervision remaining when he was apprehended many years later because the defendant's fugitive status tolled his supervised release).

Winfield's original three-year term of supervised release began in August 2007. Winfield, 665 F.3d at 108–09. His probation officer petitioned the court for revocation in October 2009 (on the basis of technical release violations) and twice

---

government does not argue waiver on appeal. Moreover, this being a jurisdictional question, we have an obligation to ensure that the district court's jurisdiction was proper. E.g., In re Kirkland, 600 F.3d 310, 314 (4th Cir. 2010).

[2] Brown also argues that the five-month delay between the filing of the petition and the revocation hearing was unreasonable. Because we reverse on jurisdictional grounds, we do not reach this issue.

amended the petition before May 2010 (both times on the basis of substantive release violations for which Winfield had been charged in state court). Id. at 109. In May 2010, the district court held a revocation hearing, and the parties agreed to bifurcated proceedings to allow time for the resolution of the pending state charges. Id. At the May 2010 proceeding, the court effectively revoked Winfield's release and imposed a twelve-month revocation sentence. Id. at 109, 111–12. The court held the second hearing in September 2010, revoked Winfield's original supervised-release term for a second time, and imposed another twelve-month revocation sentence.[3] Id. at 109. Notably, the court did not impose a new term of supervised release to follow the revocation sentences.

In holding that the initial revocation did not end the court's jurisdiction over the release term, we suggested that (1) the defendant's supervised release had not expired as of the first release revocation in May 2010, (2) the probation officer's revocation-petition amendments between October 2009 and May 2010 were filed before the original release term's expiration, and (3) the second revocation hearing in September

---

[3] In Winfield, we noted that it was not clear whether the district court intended the September revocation sentence to run concurrently or consecutively to the May revocation sentence, or whether the court intended for the twelve-month sentences to run concurrently or consecutively with Winfield's state sentences. 665 F.3d at 109 n.1.

2010 fell after the release term's expiration.  See id. at 112.

Thus, Winfield's original release term expired in or around

August 2010.

In light of Winfield, we understand how the district court arrived at its decision:  Brown's original release term would have expired in October 2014, five years after the imposition of a five-year release term in October 2009.  Because it is undisputed that pretrial detainment tolls supervised release, United States v. Ides, 624 F.3d 666, 669 (4th Cir. 2010), Brown's pre-trial detainment, beginning in June 2014 after he completed the revocation sentence, tolled the approximately four months remaining on his original supervised-release term. Because the November 2014 revocation petition was filed before the expiration of the supervised-release term, the district court concluded that it had jurisdiction.

But the newly imposed period of supervised release—a circumstance not present in Winfield—changes the analysis.  The parties here agree that in June 2014, upon his release from federal custody, Brown would have begun to serve his second term of supervised release (not the remainder of his original release term—if one exists), and they agree that the pre-trial detainment on the state charges tolled Brown's second release term.  See Appellant's Br. at 12-13; Appellee's Br. at 9-10 & n.4; see also 18 U.S.C. § 3624(e) ("The term of supervised

7

release commences on the day the person is released from imprisonment . . . ."). Indeed, both the district court and government were careful in this case to clarify that the second revocation applied only to Brown's original release term—not to the second, see United States v. Brown, No. 3:02CR00036-1, 2015 WL 1883645, at *1 (W.D. Va. Apr. 24, 2015); J.A. 103; Appellee's Br. at 10, which avoided the problem at the center of United States v. Wing, see 682 F.3d 861, 865 (9th Cir. 2012) (concluding that "once a term of supervised release has been revoked, a later-discovered violation of a condition of that term cannot form the basis of a revocation of a subsequent term of supervised release").

Had Brown been released—rather than detained—in June 2014, his new twelve-month term of supervised release would have begun, and the district court would have improperly revoked that release term in April 2015. Thus, when a revocation sentence is to be followed by a new, separate term of supervised release, we see no meaningful distinction between the defendant's completion of the revocation sentence and release from custody, and the defendant's completion of the revocation sentence and subsequent, unrelated pre-trial detainment. The pre-trial detainment's legal significance operates on the new term of supervised release (so as to toll it) and has nothing to do with

the completed revocation sentence—or, therefore, the original supervised-release term.

Accordingly, Brown's original term of supervised release expired in June 2014 when he completed his revocation sentence, making the probation officer's November 2014 petition to revoke the original release term fall after that term's expiration. As a result, the district court did not have jurisdiction in April 2015, on the basis of a November 2014 revocation petition, to revoke Brown's original term of supervised release and impose a new revocation sentence.

III.

For the foregoing reasons, we vacate the district court's judgment. We direct the clerk to issue the mandate forthwith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED