**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4586**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OMELIO ATKINS, a/k/a OJ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:07-cr-00057-REP-1)

Submitted: March 20, 2018                                        Decided: May 2, 2018

Before KEENAN and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Alexandria, Virginia, Valencia D. Roberts, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Dana J. Boente, United States Attorney, Alexandria, Virginia, Thomas A. Garnett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Omelio Atkins appeals the district court's order finding that he violated the terms of supervised release and sentencing him to eleven months in prison. We hold that the district court had jurisdiction to impose the sentence, and we therefore affirm.

I

Atkins pled guilty to conspiracy to possess with intent to distribute cocaine base and was sentenced in 2007 to 120 months in prison, to be followed by five years on supervised release. His term of supervision commenced on October 7, 2016. In May 2017, Atkins' probation officer filed a Petition on Supervised Release, alleging four violations of the conditions of release. The probation officer subsequently filed two addenda to the Petition, with each addendum charging another violation.

At his revocation hearing conducted on August 10, 2017, Atkins admitted committing five of the six charged violations, and the United States dismissed the sixth violation without prejudice. The district court revoked Atkins' release and imposed a six-month revocation sentence, to be followed by three years of supervised release. In its order, the court stated that Atkins could self-report to the U.S. Marshal on August 11 in order for Atkins to attend a family funeral.

When Atkins reported on August 11, he was administered a drug screen which tested positive for marijuana. On August 14, the probation officer filed a second Petition on Supervised Release, alleging that Atkins had violated the terms of release by testing positive for illegal drug use on August 11. Atkins admitted the violation at his second revocation hearing. The district court sentenced him to eleven months in prison, to run

2

consecutively to the six-month sentence previously imposed and to be followed by three years of supervised release.

## II

Atkins contends that the district court was without jurisdiction to impose the eleven-month term of imprisonment when the violation giving rise to that sentence occurred after the court had previously revoked his supervision and sentenced him to a term of imprisonment. We review de novo whether the district court had jurisdiction to adjudicate an alleged violation of supervised release. *United States v. Harris*, 878 F.3d 111, 115 (4th Cir. 2017).

Revoking a term of supervised release does not immediately discharge the defendant from supervision. *Id.; see Johnson v. United States*, 529 U.S. 694, 706-707 (2000). "After revocation, the defendant continues to serve his term of supervised release, but does so in prison." *Harris*, 878 F.3d at 115. Thus, the district court's jurisdiction over supervised release continues past revocation. *United States v. Winfield*, 665 F.3d 107, 112 (4th Cir. 2012). If a subsequent revocation petition is filed while the release term is still in effect, the district court retains jurisdiction to adjudicate the charges in the subsequent petition. *Harris*, 878 F.3d at 117.

Here, the probation officer filed the second Petition on Supervised Release before expiration of Atkins' supervised release term. Accordingly, the district court retained jurisdiction to adjudicate the violation alleged in the second Petition.

3

III

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*