**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 17-4553**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

MICHAEL K. PAIGE, a/k/a Michael Kevon Paige,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:09-cr-00008-REP-1)

Submitted: April 10, 2018                    Decided: May 7, 2018

Before WILKINSON, NIEMEYER, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Alexandria, Virginia, Nia A. Vidal, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Dana J. Boente, United States Attorney, Alexandria, Virginia, Angela Mastandrea-Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2009, Michael K. Paige pled guilty to possession of a firearm in furtherance of a drug-trafficking crime, and the district sentenced him to 60 months' imprisonment followed by 5 years' supervised release. Paige's term of supervised release began in April 2013. Paige violated the terms of his supervised release, but the court decided not to revoke his supervised release after considering the first two revocation petitions. After considering the third revocation petition, however, the court revoked Paige's supervised release and sentenced him to a term of imprisonment of 12 months and 1 day followed by 3 years of supervised release.

Paige's new term of supervised release began in May 2016, and he satisfactorily adjusted to supervision until his arrest on state charges in February 2017. The court revoked Paige's term of supervised release on a fourth revocation petition and sentenced him to six months' imprisonment. The court did not impose an additional term of supervised release and allowed Paige to self-surrender. Paige, however, continued to violate the terms of his supervised release while he was waiting to report to prison. Accordingly, the court once again revoked his supervised release on a fifth revocation petition and sentenced him to five months' imprisonment, consecutive to the six months imposed on the fourth revocation petition, with no supervised release to follow.

Paige appeals the five-month revocation sentence. He argues that the district court lacked jurisdiction to revoke his term of supervised release and sentence him for violations that occurred after the court had already revoked the term of supervised release and imposed a revocation sentence for prior violations. We affirm.

"We review de novo a challenge of a district court's jurisdiction to rule upon alleged violations of supervised release." *United States v. Winfield*, 665 F.3d 107, 109 (4th Cir. 2012). We have held that a district court has jurisdiction to hold a second revocation hearing after it has already revoked the defendant's term of supervised release and imposed a revocation sentence because the term of supervised release survives revocation. *Id.* at 112; *see Johnson v. United States*, 529 U.S. 694, 704-06 (2000) (explaining that revocation does not terminate supervised release and that revocation sentence is considered part of supervised release). And recently we clarified that a district court may revoke a defendant's term of supervised release after a revocation sentence has already been imposed so long as any subsequent revocation petitions are filed before the expiration of the defendant's term of supervised release. *United States v. Harris*, 878 F.3d 111, 117 (4th Cir. 2017), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. Mar. 26, 2018) (No. 17-8270).

Based on this precedent, we conclude that the district court had jurisdiction to revoke Paige's supervised release a second time because the fifth revocation petition was filed before the expiration of his term of supervised release. Paige, however, argues that the timing of his violations distinguishes his case from *Winfield* and *Harris*: the defendants in *Winfield* and *Harris* committed the violations that formed the bases of their second revocation hearings prior to their first revocation hearings, whereas Paige committed the violations that formed the basis of his second revocation hearing after the first revocation hearing. We are not persuaded that the timing of the violations makes a difference. "It is the timing of the petition relative to the expiration of supervised release that matters." *Id.*

3

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*