**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 18-6674

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

BRANDON LEE CAUDLE,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, Senior District Judge. (3:13-cr-00154-HEH-1)

Submitted: October 16, 2018        Decided: October 26, 2018

Before NIEMEYER, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brandon Lee Caudle, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Lee Caudle moved the district court for a judicial recommendation or order regarding his placement in a work release center, pursuant to the Second Chance Act (SCA), 18 U.S.C. § 3624(c) (2012). The court denied the motion, concluding that it lacked authority to grant the relief requested by Caudle. The court explained that the SCA allows the Bureau of Prisons (BOP) to place prisoners in residential reentry centers (RRC) but does not vest that authority in the courts. Caudle appeals, arguing that the court has the authority to make a judicial recommendation regarding his placement under the SCA.

We review challenges to a district court's jurisdiction or authority de novo. *See United States v. Winfield*, 665 F.3d 107, 109 (4th Cir. 2012). The SCA provides that the BOP:

> shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c). "Accordingly, after enactment of the SCA, § 3624 governs the designation of prisoners to RRCs for the final months of their sentences." *Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010).

The SCA directs the BOP to issue regulations to "ensure that placement in a community correctional facility by the [BOP] is . . . conducted in a manner consistent with" 18 U.S.C. § 3621(b) (2012). 18 U.S.C. § 3624(c)(6)(A). The regulations issued by

2

the BOP in accordance with this directive provide that "[i]nmates will be considered for pre-release community confinement in a manner consistent with [§] 3621(b)." 28 C.F.R. § 570.22 (2018); *see Sacora*, 628 F.3d at 1063. Under § 3621(b), when "designat[ing] the place of the prisoner's imprisonment," the BOP is directed to consider, among other factors, "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B). The statute clarifies, however, that "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the [BOP] . . . to determine or change the place of imprisonment of that person." 18 U.S.C. § 3621(b).

Initially, we conclude that the district court misconstrued Caudle's motion. Caudle asked the court to recommend or order his placement in a work release center for the last nine months of his sentence. But the court addressed only Caudle's request for an order. In that regard, the court correctly concluded that it was without authority to order the BOP to place Caudle in an RRC. The court did not address whether it has the authority to make a postsentencing recommendation regarding Caudle's placement under the SCA.

We conclude, however, that this omission does not require remand. Assuming that sentencing courts have the authority to make postsentencing judicial recommendations for placement under the SCA, the sentencing court here is not the district court. Caudle has served the sentence imposed by the district court, and the court cannot now recommend that he serve the last nine months of his completed sentence in a

3

work release center. The sentence Caudle is now serving was imposed by the United States District Court for the Northern District of Ohio, and that court has already recommended that Caudle be considered for placement under the SCA.

Ultimately, the district court correctly determined that it lacked authority to grant the relief requested by Caudle. We therefore affirm the court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*