**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4807**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

PHILLIP JAZIR THOMPSON, a/k/a Dashawn Andre Saunders, a/k/a Phillip Thompson, a/k/a Jonathan Bellamy,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:03-cr-00420-HEH-1)

Submitted: June 11, 2020                         Decided:  July 31, 2020

Before GREGORY, Chief Judge, THACKER and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Alexandria, Virginia, Nia A. Vidal, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Olivia L. Norman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip J. Thompson appeals from the district court's order re-imposing a 30-month sentence upon revocation of his supervised release after remand following this court's opinion in *United States v. Thompson*, 924 F.3d 122 (4th Cir. 2019). Finding no error, we affirm. Thompson pled guilty, pursuant to a plea agreement, to drug and firearms offenses in 2004 and was sentenced to 180 months' imprisonment, followed by 5 years of supervised release. The judgment included a special provision of supervision that Thompson, a citizen of Jamaica, would be remanded to the custody of the U.S. Marshal Service after he completed his term of imprisonment and surrender to the Bureau of Immigration and Customs Enforcement ("ICE") for deportation proceedings. The special condition also stated that Thompson was not permitted to reenter the United States without the express permission of the United States Attorney General and, if he did so within the period of his supervised release, he was required to report to the probation office within 72 hours.

Thompson's term of supervised release commenced in June 2010; he was deported later that month. Thompson illegally reentered the United States in 2011, and he was arrested by ICE and charged with reentry after deportation. On May 25, 2011, he was again removed from the United States. In July 2011, the probation officer filed a petition seeking revocation of Thompson's supervised release, alleging that Thompson violated a mandatory condition—committing a crime by illegally reentering—and the special condition by reentering without express permission by the Attorney General.

In 2014, law enforcement became aware that Thompson had again illegally reentered the United States; he was finally arrested in June 2017. In September 2017, the

2

probation officer filed an addendum to the unadjudicated 2011 petition on supervised release including allegations that Thompson had committed additional crimes during his term of supervised release including a second illegal reentry, conspiracy to distribute and possess with the intent to distribute marijuana, and conspiracy to commit money laundering. Thompson objected to the district court's jurisdiction, arguing that his five-year term of supervised release had expired in 2015.

Relying on *United States v. Buchanan*, 638 F.3d 448 (4th Cir. 2011), the district court held that Thompson's five-year term of supervision was tolled from the time he absconded from supervision—when he returned to the United States and failed to report to probation within 72 hours as required by the conditions of his supervision. The court concluded that December 2014 was the appropriate start date for tolling and that his supervised release remained tolled until his January 2018 revocation hearing. Thompson appealed.

We agreed that, applying the fugitive tolling doctrine in *Buchanan,* Thompson's supervised release period stopped running in December 2014, with six months remaining of the five-year term. However, we concluded that the district court erred in determining that Thompson's supervised release remained tolled until his revocation hearing. Rather, we concluded that fugitive tolling stopped upon his arrest in June 2017. Accordingly, we vacated the judgment and remanded for the district court to consider other possible bases of jurisdiction. *United States v. Thompson*, 924 F.3d 122, 127 (4th Cir. 2019).

On remand, the district court concluded that Thompson's supervised release period was tolled from the time of his June 2017 arrest until his revocation hearing in January

3

2018 pursuant to 18 U.S.C. § 3624(e) (2018). Citing the recent Supreme Court decision in *Mont v. United States*, 139 S. Ct. 1826 (2019), the district court held that Thompson's supervised release remained tolled while awaiting disposition of pending charges. The court then reinstated Thompson's 30-month sentence. Thompson appeals.

We "review de novo a challenge of a district court's jurisdiction to rule upon alleged violations of supervised release." *United States v. Winfield*, 665 F.3d 107, 109 (4th Cir. 2012). Thompson argues, first, that this court should not apply the doctrine of fugitive tolling in a supervised release revocation proceeding. However, he concedes that this argument is foreclosed by *Buchanan. See Warfaa v. Ali*, 811 F.3d 653, 661 (4th Cir. 2016) (recognizing that one panel cannot overrule a decision issued by another panel). Thompson also concedes that the application of the fugitive tolling doctrine to his release term is "law of the case" and may not be revisited in this appeal.

In *Mont*, the Supreme Court held that "[i]n light of the statutory text and context of § 3624(e), pretrial detention qualifies as imprisonment in connection with a conviction if a later imposed sentence credits that detention as time served for the new offense. Such pretrial detention tolls the supervised-release period, even though the District Court may need to make the tolling determination after the conviction." *Mont*, 139 S. Ct. at 1835 (internal quotation and alteration omitted). Thompson received credit for his time served in custody while awaiting his revocation hearing. Accordingly, we find no error in the district court's finding that it had jurisdiction to revoke Thompson's supervised release and we affirm the judgment. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before this court and would not aid the decisional process.

*AFFIRMED*