**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-4267**

─────────────

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

JERRY LAMONT HARRIS,

    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:16-cr-00252-TDS-1)

─────────────

Submitted:  November 3, 2022      Decided:  December 9, 2022

─────────────

Before QUATTLEBAUM and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Lamont Harris appeals the district court's judgment revoking his supervised release and sentencing him to 18 months' imprisonment, followed by 36 months of supervised release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred by deferring consideration of one of Harris' alleged supervised release violations ("Violation 1") after the Government elected not to pursue it in light of pending state charges. The Government has not filed a response. Although informed of his right to file a pro se supplemental brief, Harris has not done so. We affirm.

"It is well-established that a revocation does not end a term of supervised release." *United States v. Harris*, 878 F.3d 111, 115 (4th Cir. 2017); *see Johnson v. United States*, 529 U.S. 694, 706-07 (2000). "After revocation, the defendant continues to serve his term of supervised release, but does so in prison." *Harris*, 878 F.3d at 115. Thus, the district court's jurisdiction over supervised release continues past revocation. *United States v. Winfield*, 665 F.3d 107, 112 (4th Cir. 2012). "[A] district court is within its authority to hold bifurcated violation hearings based on a petition filed before the supervised release's expiration so long as it sentences the violator pursuant to the Federal Rules of Criminal Procedure, makes a finding of guilt by a preponderance of the evidence, and does not exceed the statutory maximum for re-incarceration." *Id.* Because the district court retains jurisdiction over Harris' supervised release until its termination, the court did not err in deferring consideration of Violation 1.

2

In accordance with *Anders*, we have reviewed the record in its entirety and have found no meritorious grounds for appeal. Accordingly, we affirm the district court's revocation judgment. This court requires that counsel inform Harris, in writing, of the right to petition the Supreme Court of the United States for further review. If Harris requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Harris.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process

*AFFIRMED*