**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4032

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MITCHELL DANYELL BANKS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:21-cr-00344-WO-1)

Submitted:  May 31, 2024                                        Decided:  June 14, 2024

Before AGEE, WYNN, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** George E. Crump, III, LAW OFFICE OF GEORGE E. CRUMP, III, Rockingham, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Margaret M. Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Mitchell Danyell Banks of conspiracy to distribute cocaine base and cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846 (Count 1); possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Counts 2 & 12); possessing with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Counts 3 & 13); maintaining drug involved premises, in violation of 21 U.S.C. § 856(a)(1), (b) (Counts 4, 8, & 14); possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Counts 5 & 9); being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018)[1] (Counts 6 & 10); possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 7); and possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 11). Banks contends that the district court erred in denying his motions to suppress and in allowing the Government to present evidence about drugs destroyed in 2018. Finding no reversible error, we affirm.[2]

---

[1] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year statutory maximum does not apply in this case, however, because Banks committed the offense before the June 25, 2022, amendment of the statute.

[2] Banks argues that there would have been insufficient evidence to convict him without the evidence he challenges. Because we reject those challenges on the merits, this argument also fails.

"When reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error and legal determinations de novo," construing "the evidence in the light most favorable to the prevailing party." *United States v. Lull*, 824 F.3d 109, 114-15 (4th Cir. 2016) (internal quotation marks omitted). "[T]he Fourth Amendment specifically provides that 'no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.'" *United States v. Jones*, 952 F.3d 153, 158 (4th Cir. 2020) (quoting U.S. Const. amend. IV).

Banks first challenges a search of his residence conducted in February 2020 pursuant to a search warrant, arguing that it is tainted by a prior illegal search. "The exclusionary rule generally renders inadmissible evidence recovered during an unlawful search." *United States v. Hill*, 776 F.3d 243, 250 (4th Cir. 2015) (internal quotation marks omitted). "Derivative evidence, or fruit of the poisonous tree is evidence that has been come at by exploitation of an illegality instead of means sufficiently distinguishable to be purged of the primary taint." *United States v. Lentz*, 524 F.3d 501, 522 (4th Cir. 2008) (cleaned up). Conversely, "evidence need not be suppressed if it is somehow attenuated enough from the violation to dissipate the taint." *Id.* (cleaned up).

One way to purge the taint of a prior unlawful search is through the independent source doctrine. *Hill*, 776 F.3d at 251. "This doctrine applies when a search pursuant to a warrant was in fact a genuinely independent source of the information and tangible evidence that would otherwise be subject to exclusion because they were found during an earlier unlawful search." *Id.* (cleaned up). "To find the search with a warrant genuinely

3

independent, the unlawful search must not have affected (1) the officer's decision to seek the warrant or (2) the magistrate judge's decision to issue it." *Id.* (cleaned up).

The district court correctly applied the independent source doctrine. The officer's decision to seek the warrant was based on the evidence that Banks had committed an assault—only one paragraph referenced the illegally seen drug evidence. On the second prong, we follow *Franks v. Delaware*, 438 U.S. 154 (1978), and "examine[] the search warrant affidavit absent the illegally-obtained information, to determine whether the untainted portion of the affidavit set forth probable cause." *United States v. Walton*, 56 F.3d 551, 554 (4th Cir. 1995). Excluding the drug evidence and the shell casings, there is ample evidence remaining in the affidavit to establish probable cause that evidence of the assault would be found at the residence.

Next, Banks argues that the January 2021 search warrant application relied on stale evidence. However, he does not challenge the district court's alternative basis for denying this motion to suppress—that the *Leon*[3] good-faith exception applied. Thus, Banks has "waived appellate review of that separate ground for denying his motion" to suppress, and we may "affirm on that basis."[4] *United States v. Ebert*, 61 F.4th 394, 402 (4th Cir.), *cert. denied*, 144 S. Ct. 149 (2023).

---

[3] *United States v. Leon*, 468 U.S. 897 (1984).

[4] Banks does take a passing shot at challenging the application of the good-faith exception in one sentence of his reply brief. Reply Br. at 10. But because the argument was not raised in his opening brief, *see United States v. Winfield*, 665 F.3d 107, 117 n.4 (4th Cir. 2012) (concluding that appellant's failure to raise argument in opening brief waived the argument), and because even if this sentence had been included in his opening brief it would have been insufficient to preserve the issue for appellate review, *see Grayson*

Finally, as for the September 2021 search, Banks concedes that probable cause was established because the officers smelled the odor of marijuana coming from his residence. "[W]e have repeatedly held that the odor of marijuana alone can provide probable cause to believe that marijuana is present in a particular place." *Jones*, 952 F.3d at 158 (internal quotation marks omitted). While Banks asks us to reconsider this precedent, "one panel cannot overrule another." *United States v. Runyon*, 994 F.3d 192, 201 (4th Cir. 2021) (internal quotation marks omitted).

Banks also argues that the district court erred in allowing the Government to introduce testimony about drugs destroyed in 2018, before he was indicted. A defendant may establish "a due process violation based on the prosecution's failure to preserve evidence if the evidence possesses an exculpatory value that was apparent before the evidence was destroyed and if it is of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *United States v. Johnson*, 996 F.3d 200, 206 (4th Cir. 2021) (cleaned up). But "when the lost evidence can only be said to be 'potentially useful' to the defendant because the contents of the evidence are unknown," "[a] showing of bad faith is required." *Id.* (quoting *Arizona v. Youngblood*, 488 U.S. 51, 57-58 (1988) (holding "that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law")).

---

*O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) (providing that a party must develop an argument to avoid waiver, not merely take a passing shot at the issue), we nonetheless conclude the argument was waived.

5

Bad faith "requires that the officer have intentionally withheld the evidence for the purpose of depriving the [accused] of the use of that evidence during his criminal trial." *Jean v. Collins*, 221 F.3d 656, 663 (4th Cir. 2000) (en banc) (Wilkinson, J., concurring in the judgment). The negligent destruction of evidence, without more, is not bad faith. *See Youngblood*, 488 U.S. at 58 (finding no due process violation where failure of police to preserve evidence "can at worst be described as negligent").

The district court correctly found that there was no bad faith. The evidence was available for use in Banks's prior state criminal trial. After he entered an *Alford*[5] plea to resolve that case, a state judge then ordered the evidence destroyed. And this occurred before the federal indictment was filed and before the first search tied to the substantive counts.[6]

Accordingly, we affirm Banks's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[5] *North Carolina v. Alford*, 400 U.S. 25 (1970).

[6] To the extent Banks challenges the admission of testimony regarding the destroyed evidence as irrelevant and unduly prejudicial, such challenges are similarly without merit. Testimony that drugs were seized from Banks in 2017 is plainly relevant to establishing Banks's involvement in a years-long drug conspiracy. We also disagree with Banks that the Government's failure to present the physical drug evidence alongside this testimony somehow rendered the testimony as unduly prejudicial.