

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2007

# USA v. Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1454

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Johnson" (2007). *2007 Decisions.* Paper 968.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/968

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1454

UNITED STATES OF AMERICA

v.

DERRICK JOHNSON,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 99-cr-00060-4)
District Judge: Hon. Joseph E. Irenas

Submitted under Third Circuit LAR 34.1(a)
May 11, 2007

Before: RENDELL, JORDAN and ALDISERT, <u>Circuit Judges</u>.

(Filed: June 8, 2007)

**OPINION OF THE COURT**

ALDISERT, <u>Circuit Judge</u>.

**I.**

On September 7, 2006, the District Court for the District of New Jersey revoked

Derrick Johnson's supervised released and committed him to prison for 10 months.  On

February 6, 2007, the District Court revoked the same term of supervised released and committed him to prison for an additional 36 months.  Johnson now appeals his punishment.  He contends that the District Court lacked jurisdiction to revoke his supervised release during the second hearing.  Johnson also argues that the District Court erred by imposing two prison terms for violations of a single period of supervised release.  We conclude that Johnson's second argument has merit and, accordingly, we will remand for re-sentencing.

**II.**

The parties are familiar with the facts and proceedings, so we will only briefly revisit them here.  Between March of 2003 and April of 2005, Johnson served a prison sentence for conspiring to distribute cocaine in violation of 21 U.S.C. § 846.  In April of 2005, he was released from custody and began a three-year term of supervised release.

Johnson made a poor adjustment to life outside of prison.  On December 1, 2005, Egg Harbor Township Police arrested him for assaulting his ex-girlfriend.  He pleaded guilty in state court and was sentenced to one year probation and $708 in court costs.  On May 2, 2006, Johnson was arrested again.  Atlantic City police charged him with burglary, cocaine possession, resisting arrest and assault on a police officer.

Three days later, the United States Probation Office sought a warrant for Johnson's arrest based on the incidents in Atlantic City.  The warrant petition alleged two violations of Johnson's federal supervised release agreement: first, that he committed a state crime, and second, that he failed to notify his probation officer of an arrest within 72 hours.  On

2

August 30, 2006, the Probation Office filed a revised petition, which alleged a third violation based on Johnson's assault conviction in Egg Harbor.

On September 7, 2006, Johnson appeared before the District Court for the District of New Jersey to answer charges that he defied the terms of his release. At the hearing, the parties agreed that Johnson would plead guilty to committing the Egg Harbor assault, but that the first and second violations would be held in abeyance pending the resolution of the state case in Atlantic City. After taking Johnson's guilty plea on the assault, the District Court turned immediately to sentencing. The District Court Judge revoked Johnson's supervised released, committed him to prison for 10 months, and imposed an additional 10 months of supervised release. In rendering its judgment, the Court reiterated that it was "not dismissing Counts 1 and 2 but merely holding them in abeyance . . . ."

The hearing on Counts 1 and 2 took place five months later, on February 7, 2007. Johnson acknowledged that he originally agreed to the two-hearing procedure. He argued, nonetheless, that the District Court lacked authority to consider the violations committed in Atlantic City. According to Johnson's theory of the case, once the District Judge revoked his supervised release it lost jurisdiction to further revoke, modify or extend that same period of release. The District Court rejected the argument, reasoning that: (1) the two-hearing scheme did not prejudice Johnson in any way, and (2) the parities waived any objection to the procedure. Turning from the jurisdiction argument to the merits, the Court found that Johnson had assaulted an Atlantic City police officer, and

3

that this conduct constituted a serious violation of his supervised release. For this, Johnson received a prison term of 36 months and 10 months' supervised release to run concurrently with the earlier 10-month sentence.

Johnson now timely appeals. He asks us to decide three questions: (1) Did the agreement to hold Counts 1 and 2 in abeyance grant the District Court jurisdiction to hear the claims, (2) does a District Court's jurisdiction over a term of supervised release end when it revokes the term of supervised release, and (3) may a District Court impose multiple terms of imprisonment for violations of a single term of supervised release?

**III.**

The main thrust of Johnson's argument is jurisdictional. He argues that the District Court lacked authority to punish him for the violations of his supervised release committed in Atlantic City. At the hearing, however, the District Court reasoned that the parties' agreement to conduct the two separate hearings prevents Johnson from raising a jurisdictional challenge. We do not agree with the District Court's conclusion. Parties may not confer jurisdiction on a federal court; "only Congress can do so." Weinberger v. Bentex Pharm., 412 U.S. 645, 652 (1979). Neither may jurisdictional defects be waived. United States v. Griffin, 303 U.S. 226, 229 (1938) ("Since lack of jurisdiction of a federal court touching the subject matter of the litigation cannot be waived by the parties, we must upon this appeal examine the contention; and, if we conclude that the District Court lacked jurisdiction of the cause, direct that the bill be dismissed."). Accordingly, this Court may consider jurisdictional arguments even though the parties expressly agreed to

4

resolve Johnson's alleged violations with a two-hearing procedure.

## IV.

We next turn to Johnson's direct challenge to the District Court's jurisdiction over the terms of his supervised release. Johnson acknowledges that 18 U.S.C. § 3583(e) allows a court "to revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release . . . ." Johnson contends, however, that a district court has no jurisdiction over a previously revoked term of release. The main thrust of Johnson's argument is that, by logic, a district court may not alter something that it has terminated. Specifically, Johnson contends that the District Judge lacked authority "to impose a second sentence . . . because, simply put, there was no term of supervised release to revoke."

The difficulty with Johnson's point of view is that the term "revoke" does not mean "terminate" in the context of supervised release. The Supreme Court has concluded that "revoke" means "to recall," or suspend. See Johnson v. United States, 529 U.S. 694, 704-706 (2000). The difference is not merely semantic. As Justice Souter explained, the term of supervised release does not end with revocation. Instead, "something about the term of supervised release survives the preceding order of revocation. While this sounds very metaphysical, the metaphysics make one thing clear: unlike a 'terminated' order of supervised release, one that is 'revoked' continues to have some effect." Id. at 705-706.

Armed with this reasoning, the Supreme Court concluded that the District Court's jurisdiction over the defendant's supervised release does not end with the first revocation.

5

The District Court may continue to alter and extend the defendant's punishment while he serves prison time. See id. at 712 ("'Revocation' of parole followed by further imprisonment was not a mere termination of a limited liberty that a defendant could experience only once per conviction."); see also id. ("If less than the maximum [prison term] has been imposed, a court presumably may, before revoking the term, extend it pursuant to § 3583(e)(2); this would allow the term of imprisonment to equal the term of supervised release authorized for the initial offense.").

We also note that Congress specifically gave district courts authority to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration . . . of the term . . . ." 18 U.S.C. § 3583(e) (emphasis added). See Rule 32.1, Federal Rules of Criminal Procedure (outlining procedures for modifications of supervised release). Accordingly, Johnson's argument challenging the District Court's post-revocation authority must fail.

## V.

Johnson brings one final issue to our attention that merits discussion. He contends that the District Court erred by imposing two concurrent terms of imprisonment for the violations of his supervised release. Recall that the District Court re-incarcerated Johnson for 10 months the first time he violated his supervised release and then imposed a concurrent 36-month prison term for the second violation. According to Johnson, a District Court may not dole out separate sanctions for each infraction of a supervised release agreement. Although Johnson cites no case law for this proposition, we agree

6

with the core of his argument.

We begin our analysis with a recap of the charges against Johnson. While on supervised release for a conviction of conspiracy to sell drugs, Johnson was arrested twice: once for assaulting his ex-girlfriend and once for assaulting a police officer. State courts have prosecuted Johnson for these criminal offenses. Johnson's actions also exposed him to separate punishment from the federal government for violating the conditions of his release agreement. The central question is how to categorize these violations. Do post-revocation sanctions constitute new sentences, or are they merely an extension of the original punishment for a crime? In Johnson, the Supreme Court settled this matter by "attribut[ing] postrevocation penalties to the original conviction." 529 U.S. at 700. This rule applies even if, as in this case, the conduct that sparks the revocation is criminal in nature and the basis for separate prosecutions. See id. Thus, all post-revocation penalties constitute part of the sentence for the original crime—here, Johnson's conviction for conspiracy to distribute cocaine.

Under such a legal regime, it seems incongruous that a district court could impose two "terms of imprisonment" when a defendant—like Johnson—is only subject to one federal conviction. This position finds support in the Sentencing Guidelines. Section 7B1.1(b) states that "[w]here there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." A judge punishes a defendant for the most serious infraction of supervised release, not each

7

and every misstep.

Applying the principle to the case at hand, we do not imply that the 36 months of incarceration is necessarily inappropriate; instead, we conclude only that the District Court must impose the punishment as a modification of the original term of imprisonment, rather than as a separate, second sentence. Put another way, when the District Court considered the Atlantic City crime it should have modified the reincarceration sentence under its 18 U.S.C. § 3583 powers, rather than imposing two concurrent prison terms. Defendant was being punished not for the crimes themselves but for the overall violation of the release provisions as to the one federal crime. We will remand for re-sentencing in accordance with these precepts.

\* \* \* \* \* \*

We have considered all contentions presented by the parties and conclude that no further discussion is necessary. The judgment of the District Court will be vacated and the case remanded for re-sentencing.

ALDISERT, J., Concurring.

It may be that the disposition of the panel determines the contours of the remand to the District Court. In an abundance of caution, however, I deem it prudent to request the District Court to consider an issue that has not been raised by the parties—the possible relevance or application of the time limits set forth in Rule 35(a) of the Federal Rules of Criminal Procedure. Rule 35(a) states, "[w]ithin seven days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

See, e.g., Romandine v. United States, 206 F.3d 731, 737 (7th Cir. 2000) ("The judge's apparent belief that he could retain control over the sentence indefinitely just by announcing at sentencing that he reserves the right to alter it cannot be reconciled with [Federal Rule of Criminal Procedure 45(b)] which forbids the extension of the time limits in Rule 35.").

The original sentence having been imposed on September 7, 2006, the limitation of actions provision may have precluded the District Court from pronouncing a second sentence on February 7, 2007, because this was over seven days after Johnson was first sentenced for violating conditions of supervised release. This issue does not go to the District Court's jurisdiction in the sense previously described in Part IV of the panel's opinion, in which we rejected the Appellant's challenge. Neither does it encroach upon the District Court's general power to modify a period of supervised release at any time, as set out in 18 U.S.C. § 3583(e).

I leave it for the District Court to decide in the first instance whether the limitation of action provision of Rule 35(a) applies to the sentencing following revocation of supervised release. I ask the court to examine this issue ab initio because the present seven-day limitation replaced the previous version in then Rule 35(b) that provided that the court could act "within 120 days after the sentence is imposed or probation is revoked" (emphasis added).

In Addonizio v. United States, 573 F.2d 147, 151 (3d Cir. 1978) (Aldisert, J.), this Court previously compared the broad authority of the sentencing court in the 120-day rule

9

("virtually unlimited power") with the restrictions inherent in 28 U.S.C. § 2255. Although reversed on other grounds, the Supreme Court made it clear that '[t]he time period . . . is jurisdictional and may not be extended." United States v. Addonizio, 442 U.S. 178, 189 (1979). Similarly, courts interpreting the present seven-day limitation have held that it, too, is jurisdictional. See, e.g., United States v. Lopez, 26 F.3d 512 (5th Cir. 1994); United States v. Wisch, 275 F.3d 620 (7th Cir. 2001); United States v. Austin, 217 F.3d 595, 598 (8th Cir. 2000). Significantly, these sister Courts of Appeal have interpreted the seven-day rule to include attempts by district courts to enlarge the original sentence, as in Lopez and Austin, as well as to decrease it, as in Wisch.

As Justice Alito recently made clear, "[s]tatutes of limitations serve a policy of repose . . . . They 'represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time . . . .'" Ledbetter v. Goodyear Tire and Rubber Co., Inc., --- S.Ct. ---, 2007 WL 1528298, *7-8 (May 29, 2007) (quoting United States v. Kubrick, 444 U.S. 111, 117 (1979)). Here, the seven-day period was imposed to guarantee the right to take an appeal within 10 days after imposition of a sentence. See Rule 4(b), Federal Rules of Appellate Procedure (providing that the appeal must be filed within 10 days of the entry of the judgment or order in criminal cases).

Moreover, I have not been able to locate any suggestion that in drafting the change from 120 days to seven days, the Advisory Committee on Criminal Rules intended that Rule 35(a) was not to apply to sentences imposed upon revocation of supervised release.

10

<u>See</u> 134 F.R.D. 495, 516-521 (1991) (discussing Rule 32.1 Revocation or Modification of Probation or Supervised Release and Rule 35 Correction or Reduction of Sentence, and explaining that "[s]ubdivision (c) [now (a)] is intended to adopt, in part, a suggestion from the Federal Courts Study Committee 1990 [Chaired by Joseph F. Weis, Jr., J.] that Rule 35 be amended to recognize explicitly the ability of the sentencing court to correct a sentence . . . if the error is discovered shortly after the sentence is imposed. . . . The [Study] Committee believed that the time for correcting such errors should be narrowed within the time for appealing the sentence . . . .").

Because Rule 35(a) is a limitations of action provision, I believe that its presence should not be ignored, and that the District Court should have the initial opportunity to consider it.