RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0012p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ROBERT F. CROSS,

*Defendant-Appellant.*

No. 15-5641

Appeal from the United States District Court for
the Eastern District of Kentucky at London.
No. 6:06-cr-00038—Danny C. Reeves, District Judge.

Argued: April 26, 2016

Decided and Filed: January 18, 2017

Before: KETHLEDGE and WHITE, Circuit Judges; COHN, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** David S. Hoskins, HOSKINS, HILL & HILL, PLLC, Corbin, Kentucky, for
Appellant. Charles P. Wisdom, Jr., UNITED STATES ATTORNEY'S OFFICE, Lexington,
Kentucky, Ellen Kathleen Coffey, UNITED STATES ATTORNEY'S OFFICE, London,
Kentucky, for Appellee.

_____

[*]The Honorable Avern L. Cohn, United States District Judge for the Eastern District of Michigan, sitting by
designation.

———————————

**OPINION**

———————————

KETHLEDGE, Circuit Judge.   Robert Cross argues that the district court lacked jurisdiction to revoke his supervised release a second time based on conduct occurring before the first revocation.  We reject that argument and affirm.

Cross was convicted of a federal marijuana offense in 2006 and sentenced to 60 months in prison, to be followed by 48 months of supervised release.  In August 2010 Cross's prison term ended and his supervised release began.  During the next 32 months, Cross committed two state-law offenses:  drug possession and theft, both of which violated the conditions of Cross's supervised release.  The district court learned about the drug possession first; on that ground the court revoked Cross's supervised release in April 2013 and ordered him to serve eight months in prison, to be followed by another 24 months of supervised release.  In December 2013, Cross finished his eight-month post-revocation incarceration and resumed his supervised release.

The district court did not learn about Cross's theft offense until April 2015, after Cross pled guilty to that offense in Kentucky state court.  By then Cross had completed about 15 months of his remaining 24-month period of supervised release.  In June 2015 the district court held a revocation hearing, at which Cross argued that the district court lacked jurisdiction to revoke his supervised release based on the theft offense.  The district court rejected that argument, revoked Cross's supervised release, and sentenced him to a single day's post-revocation incarceration and another 60 months of supervised release.

We review de novo the district court's June 2015 determination that it had jurisdiction to revoke Cross's supervised release.  *See United States v. Goins*, 516 F.3d 416, 419 (6th Cir. 2008).  The question, broadly stated, is whether a district court's supervisory authority over a defendant continues unbroken throughout the defendant's supervised release, or whether, instead, when a court revokes the defendant's supervised release, the court revokes its own supervisory authority along with it.  Cross takes the latter view:  as he sees it, his supervised release ended when the district court first revoked it in April 2013; a second, distinct term of

supervised release then began in December 2013, when he finished his eight-month prison term; and the district court lacked authority to revoke that second term of supervised release based upon a crime (the theft offense) that Cross committed during the first.

Cross's argument misconstrues the nature of revocation as described in 18 U.S.C. § 3583(e). Under that provision, revocation and termination of supervised release are distinct concepts. Termination "discharge[s] the defendant" and thereby ends the district court's supervision of him. *Id.* § 3583(e)(1). Thus, if the district court later discovered that the defendant had earlier violated some condition of his supervised release, the court would lack authority to send him back to prison for that violation *qua* violation. Revocation, in contrast, means that the defendant must "serve in prison all or part *of the term of supervised release*[.]" *Id*. § 3583(e)(3) (emphasis added). Thus, revocation does not terminate the defendant's supervised release; quite the contrary, it requires him to serve "all or part" of it in prison. Indeed the Supreme Court has already held that "a 'revoked' term of supervised release survives to be served in prison." *Johnson v. United States*, 529 U.S. 694, 707 (2000).

Revocation therefore revokes only the release part of supervised release; the district court's supervisory authority continues until the defendant's supervised release terminates or expires. *See id*. at 706; 18 U.S.C. § 3583(e)(2) (providing that a district court may extend supervised release or modify its conditions "at any time prior to . . . expiration or termination"). And because the district court's authority continues throughout the defendant's supervised release, so too does the court's ability to police violations of the release's conditions. Here, Cross's supervised release—and thus the district court's supervisory authority—had neither terminated nor expired by June 2015. The district court therefore had authority then to revoke Cross's supervised release a second time based upon its discovery that Cross had committed a second violation.

Although in *Johnson* the Supreme Court construed the 1994 version of § 3583, none of the amendments to that section since then liberate us to equate revocation of supervised release with termination of it. Section 3583(e)(3) says now, just as it did then, that revocation means the defendant must "serve in prison all or part of the term of supervised release[.]" That is reason

enough not to disregard the Supreme Court's interpretation of that very same language in *Johnson*.

Nor does the addition of § 3583(h) change the outcome. That section makes explicit what the Supreme Court in *Johnson* said was implicit: namely that, when the district court revokes a defendant's supervised release, "the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(h). Cross emphasizes—as the Ninth Circuit emphasized in *United States v. Wing*, 682 F.3d 861, 871 (9th Cir. 2012)—that § 3583(h) refers to the period of supervised release that a defendant serves in prison as a "term of imprisonment[.]" From that reference Cross infers that such periods are no longer part of the defendant's supervised release; and that the defendant's supervised release must end before this new term of imprisonment; and that the district court's supervisory authority must end with it; and that the court's authority (per its intrinsic nature, apparently) during any later period of supervised release for the same conviction does not extend to violations committed during the earlier period. The argument is more metaphysical than legal. More prosaically, its first premise—that time spent in prison (after a revocation) is not part of the defendant's supervised release—conflicts with the plain terms of § 3583(e)(3).

A more straightforward reading of the statute is that "term of imprisonment[,]" as used in § 3583(h), simply refers to the period of supervised release that a defendant serves in prison. And apart from simplicity, that reading treats the respective texts of § 3583(e)(3) and § 3583(h) as compatible rather than contradictory. *See Maracich v. Spears*, 133 S. Ct. 2191, 2205 (2013). We see no basis, therefore, for us to take a different view of revocation than the Supreme Court took in *Johnson*. *Accord United States v. Winfield*, 665 F.3d 107, 112-13 (4th Cir. 2012) ("a district court retains its § 3583(e) power to impose additional prison time post-recovation"); *United States v. Johnson*, 243 F. App'x 666, 668-69 (3d Cir. 2007) (same).

The district court's judgment is affirmed.