NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0160n.06

Case No. 21-2707

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Apr 14, 2022<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| MICHAEL CORNELIUS STERLING, | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: SUTTON, Chief Judge; WHITE and THAPAR, Circuit Judges.

SUTTON, Chief Judge. Michael Sterling appeals his sentence for violating the conditions of his supervised release. We affirm.

In 2009, Sterling pleaded guilty to federal robbery and firearms offenses. The court sentenced him to 111 months in prison and five years of supervised release. While in prison, Sterling pleaded guilty to an escape charge, prompting the district court to tack three more months of prison onto his sentence.

In August 2017, Sterling completed his sentence and began supervised release. But the release did not last long. In November 2017, the district court revoked Sterling's supervised release after he failed to obey the mandatory reentry program and mental health treatment requirements, some of the conditions of his release. The court sentenced him to eight months of imprisonment and 24 months of supervised release.

Meanwhile, Michigan prosecutors charged Sterling in state court for a bank robbery that occurred in October 2017, a crime committed before the federal court revoked Sterling's release. The state court sentenced him to 4–50 years in prison. After Sterling served his federal sentence, he went straight to state prison with no gap in between.

Upon discovering this state robbery offense, Sterling's federal probation officer petitioned the district court to revoke Sterling's supervised release for a second time. The officer alleged that Sterling violated a prohibition on committing "another federal, state or local crime" when he robbed a bank while on supervised release. R.150 at 1. The court issued an arrest warrant.

In June 2021, while Sterling remained in state prison, a federal magistrate judge held a preliminary revocation hearing. Fed. R. Crim. P. 32.1(b)(1)(A). Sterling did not dispute that he robbed a bank in October 2017, and he did not dispute that he violated his supervised release conditions in doing so. He contested only the court's jurisdiction to hold a revocation hearing while he remained in state prison. The magistrate judge determined that the court had jurisdiction and found probable cause that Sterling had violated his supervised release conditions.

In July 2021, the district court agreed with the magistrate judge's jurisdictional ruling and found that Sterling violated the conditions of his supervised release. The court sentenced Sterling to 31 months in federal prison following his state sentence and 21 months of supervised release.

*Jurisdiction.* Sterling challenges the district court's jurisdiction to revoke his supervised release, a question that gets a fresh look in our court. *United States v. Cross*, 846 F.3d 188, 190 (6th Cir. 2017). Under 18 U.S.C. § 3583(e), district courts may revoke, extend, modify, or terminate a defendant's supervised release period. Revocation means that the defendant must "serve in prison all or part of the term of supervised release," *id.* § 3583(e)(3), and the district court may then place the defendant back "on a term of supervised release after imprisonment," *id.*

2

§ 3583(h).  Termination by contrast "discharge[s] the defendant" from the district court's supervision of him.  *Id.* § 3583(e)(1).

The supervised release period starts "on the day the person is released from imprisonment." *Id.* § 3624(e).  And it lasts until the term expires or a court terminates it.  *Cross*, 846 F.3d at 190. While termination "end[s] the term of supervised release without the possibility of its reimposition or continuation at a later time," *Johnson v. United States*, 529 U.S. 694, 704 (2000), revocation does not discharge the defendant from the court's supervision, *Cross*, 846 F.3d at 190.  Under revocation, the court's supervisory authority "continues unbroken" for as long as residual time on the sentence remains.  *Id.*

In this context, the district court retained jurisdiction to revoke Sterling's supervised release.  His term began when he was first released from federal prison in August 2017.  The court maintained authority over Sterling in July 2021 because his supervised release had neither terminated nor expired by that time.

Resisting this conclusion, Sterling claims that the court improperly revoked his same supervised release term twice.  But *Cross* rejected the same argument.  There, the district court revoked supervised release for a second time even though the violation at issue occurred before the first revocation hearing.  *Id.* at 189–90.  Because revocation "revokes only the release part of supervised release," not the court's supervisory authority, the court's jurisdiction to police prior violations remained intact.  *Id.* at 190.  What was true for Cross is true for Sterling.

Sterling insists that he did not begin his post-November-2017 supervised release "term" because he has been in federal and state prison since the revocation hearing and thus has not been "released from imprisonment" under § 3624(e).  A like answer awaits.  The argument overlooks the reality that his supervised release began in August 2017, and it overlooks the reality that, once

supervised release begins, we treat a court's supervisory authority as an unbroken chain rather than independent pieces. *Cross*, 846 F.3d at 190. That is so even if revocations occur in the interim. *Id.* And that is why we have already rejected the premise "that time spent in prison (after a revocation) is not part of the defendant's supervised release" for jurisdictional purposes. *Id.* at 191.

Sterling separately argues that his state imprisonment divested the federal court's jurisdiction under a different part of § 3624(e). The statute says that a supervised release term "does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime." But this tolling provision is merely a "clock-pausing" rule that governs when a defendant's supervision elapses. *United States v. Mont*, 723 F. App'x 325, 328 (6th Cir. 2018). It does not alter the existence or scope of a district court's jurisdiction during that period.

*Sentence.* Sterling contends that the district court improperly required his federal sentence to run consecutively to his state sentence in violation of § 3624(e). But § 3624(e) requires only that a term of federal "supervised release" run concurrently with "term[s] of probation or supervised release or parole." Sterling's judgment complies. It specifies that his term of federal imprisonment must run consecutive to his state sentence, not that his supervised release term must run consecutive to any expected state parole term. Section 3624(e) does not restrict the district court's authority to impose this sentence.

We affirm.