NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0142n.06

No. 23-1409

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 22, 2024
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| JEREMY LEE HEINKEL, | ) |
| Defendant-Appellant. | ) |
| | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

OPINION

Before: STRANCH, LARSEN, and DAVIS, Circuit Judges.

LARSEN, Circuit Judge. After Jeremy Heinkel committed several violations of his conditions of supervised release, the district court revoked his release and sentenced him to twenty-one months of imprisonment. Heinkel did not contest six of the violations of which he was accused. But he contends that the court erred in finding a seventh violation based on an assault he committed while incarcerated. Heinkel admits to the assault but contends that the supervised-release statutes do not subject a defendant to conditions of supervised release while he is incarcerated. Because any error by the district court was harmless, we AFFIRM.

I.

Jeremy Heinkel was convicted of assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6). He was sentenced to fifty-four months of imprisonment, to be followed by a three-year term of supervised release. Heinkel's conditions of supervised release required him, among other things: not to commit another federal, state, or local crime; not to use or possess controlled substances without a prescription; and to participate in a substance-abuse treatment

program. Upon his release from prison in November 2021, Heinkel violated a number of these conditions. In January 2022, Heinkel's probation officer petitioned the district court to revoke supervised release, and Heinkel admitted to several violations. The district court revoked release and sentenced him to twelve months of imprisonment, to be followed by two years of supervised release.

Heinkel was released from custody in January 2023. In preparation for his release, Heinkel's probation officer had completed a new criminal history check and discovered that, while he was in custody, he had been convicted in state court of assaulting another jail inmate.[1] So, shortly after Heinkel's release, the probation officer petitioned the district court to revoke release on the ground that the jail assault was a violation of his conditions—specifically, the condition that he not commit another crime. Heinkel moved to dismiss the petition, arguing that his jail assault could not have violated any conditions of supervised release because his term of supervised release did not run while he was incarcerated.

While that motion was pending before the district court, Heinkel violated his conditions in a number of ways, by using marijuana and methamphetamine and by failing to comply with his substance-abuse treatment program. In response, the probation officer filed an amended petition, accusing Heinkel of six additional violations and again recommending revocation.

In April 2023, the district court adopted the magistrate judge's report and recommendation and denied Heinkel's motion to dismiss. The court's ruling addressed only the jail assault because the motion to dismiss had been filed before Heinkel was accused of the six additional violations. The court concluded that, under our decisions in *United States v. Cross*, 846 F.3d 188 (6th Cir.

---

[1] That conviction resulted in a custodial sentence of 365 days, twenty-eight days of which was credited as time served and the rest of which was suspended. Heinkel was also required to pay $2,645 in restitution.

2017), and *United States v. Sterling*, No. 21-2707, 2022 WL 1112775 (6th Cir. Apr. 14, 2022), a court's "[s]upervisory authority" over a defendant on supervised release "continues[] even during a period of custody." R. 109, Order, PageID 374. Accordingly, the court determined that Heinkel remained subject to conditions during the period of post-revocation incarceration.

The district court then held a revocation hearing to address the seven alleged violations— *i.e.*, the jail assault plus the six substance-abuse-related incidents. Heinkel urged the court, despite its denial of his motion to dismiss, not to treat the jail assault as a violation of his conditions. But Heinkel did not contest the other six violations. The court explained that it would not reconsider its ruling with respect to the jail assault, and it determined that Heinkel had committed a violation on that basis. It also found that he had committed the six uncontested violations.

The court revoked Heinkel's release and imposed a sentence of twenty-one months of imprisonment, with no supervised release to follow. Heinkel timely appealed.

## II.

We review a sentence imposed upon revocation of supervised release for abuse of discretion. *United States v. Johnson*, 640 F.3d 195, 201 (6th Cir. 2011); *see also United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). Heinkel contends that the district court abused its discretion when it deemed his jail assault a violation of his conditions of release. He advances two arguments in support of that view. First, he argues that, as a statutory matter, conditions of release cannot run during a period of post-revocation imprisonment. Second, and alternatively, Heinkel argues that he did not receive notice that he would be subject to the conditions while he was in custody, so it violates due process to apply them to him under these circumstances. We need not reach either question, however, because any error was harmless.

A district court may "revoke a term of supervised release" if it finds by a preponderance of the evidence that the defendant "violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Heinkel does not deny that he "violated a condition" within the meaning of the statute; indeed, he declined to dispute the six substance-abuse-related violations of which he was accused. In the face of these six uncontested violations, the district court's conclusion that the jail assault *also* constituted a violation had no effect on his sentence.

Among the uncontested violations were the possession of methamphetamine and marijuana in violation of Mich. Comp. Laws § 333.7403(1), (2)(b)(i) and 21 U.S.C. § 844(a). From a sentencing perspective, these were "the two most serious violations." R. 115, Revocation Tr., PageID 406. The Sentencing Commission's applicable policy statement categorizes these as Grade B violations. *See* U.S.S.G. § 7B1.1(a)(2). By contrast, Heinkel's jail assault, if properly deemed a violation, would constitute only a Grade C violation. *See id.* § 7B1.1(a)(3); Mich. Comp. Laws § 750.81a(1). The policy statement provides that "[w]here there is more than one violation of the conditions of supervision . . . the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b). So, as the district court rightly concluded, it was the Grade B violations, "not the assault in jail," that determined the recommended sentencing range. R. 115, Revocation Tr., PageID 418. With his criminal history category of VI, Heinkel's Grade B violations yielded a range of twenty-one to twenty-seven months of imprisonment, limited by a twenty-four-month statutory cap. *See* U.S.S.G. § 7B1.4(a), (b)(3)(A); 18 U.S.C. § 3583(e)(3). In short, the district court's view of the jail assault had no effect on its calculation of the sentencing range.

Heinkel does not claim that the district court otherwise committed procedural error—such as by failing to consider the appropriate 18 U.S.C. § 3553(a) factors or by inadequately articulating

the rationale for the sentence it imposed. *See Bolds*, 511 F.3d at 581. Nor does he (or could he) suggest that the district court was barred from considering the *fact* of his jail assault in selecting a sentence after calculating the range. *See* 18 U.S.C. § 3661. As part of its sentencing obligations, the district court was required to consider Heinkel's "history and characteristics" and the need to "protect the public" and deter criminal conduct. *Id.* § 3553(a)(1), (a)(2)(B), (a)(2)(C); *see id.* § 3583(e). Thus, it was appropriate for the district court to weigh the jail assault as one piece of Heinkel's "pattern" of assaultive behavior, anger troubles, and substance abuse that, in the court's view, "fully supported" a low-end sentence of twenty-one months of imprisonment. R. 115, Revocation Tr., PageID 421. Any error was therefore harmless.

\* \* \*

We AFFIRM the judgment of the district court.